# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* C.C.

No. 21-0984 (Kanawha County 21-JA-386)

## MEMORANDUM DECISION

Petitioner Mother D.S., by counsel Raymond Keener III, appeals the Circuit Court of Kanawha County's November 9, 2021, order terminating her parental rights to C.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights "without the opportunity for participation in a post-adjudicatory improvement period."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, the DHHR filed an abuse and neglect petition alleging that petitioner failed to arrive at the hospital when she gave birth to C.C. the prior month because she "convinced respondent father . . . to turn around to go back to the hotel they were staying in to retrieve her heroin." After giving birth to the child, petitioner brought her to the hospital. Upon admission, petitioner tested positive for amphetamine, methamphetamine, norbuprenorphine, and morphine. Further, petitioner tested positive for multiple drugs during several prenatal screens. Petitioner admitted to abusing heroin but denied using any other drugs. Petitioner claimed that she tested positive for methamphetamine because her heroin was cut with the drug. Finally, the DHHR

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

alleged that petitioner's parental rights to two older children were involuntarily terminated in April of 2018 and that the conditions from that case had not been rectified.

At the subsequent preliminary hearing, petitioner admitted to daily heroin abuse. The DHHR also introduced evidence of her various failed drug screens and medical records indicating that the child's umbilical cord tested positive for illicit substances. Accordingly, the court ratified the child's emergency removal. The court also ordered the DHHR to provide petitioner with remedial services, including random drug screens, substance abuse treatment, and supervised visitation. Visits, however, were only to be provided if petitioner's drug screens were clean.

In August of 2021, the court held an adjudicatory hearing, during which petitioner stipulated that she had a substance abuse problem that negatively affected her parenting abilities and caused her to abuse and neglect her child. She further admitted to abusing heroin and other drugs while pregnant and that her parental rights to older children were previously involuntarily terminated as a result of her substance abuse, an issue that had not been corrected. As such, the court adjudicated petitioner of abusing and neglecting the child.

According to a DHHR court summary from September of 2021, petitioner had been participating in inpatient substance abuse treatment. However, when the facility where she was receiving treatment closed, petitioner failed to utilize any of the referrals she was provided to continue her inpatient treatment elsewhere. The summary indicated that petitioner sought outpatient treatment at a different facility but that the DHHR was unable to obtain important documents from that facility to corroborate her treatment and progress, despite several attempts. The DHHR also indicated that petitioner tested positive for illegal drugs on two screens in September of 2021, twice for amphetamine and once for methamphetamine. During the proceedings, petitioner had no visitation with the child. Ultimately, the DHHR and the guardian recommended termination of petitioner's parental rights due to her noncompliance with long-term inpatient substance abuse treatment, which the DHHR asserted was required due to petitioner's extensive history of substance abuse.

That same month, the circuit court held a dispositional hearing, during which a DHHR worker testified that the Department recommended termination due to petitioner's lack of compliance. According to the witness, after petitioner left inpatient substance abuse treatment, "she pretty much just was unresponsive, noncompliant." According to the witness, petitioner failed to obtain necessary documents from the DHHR in order to comply with drug screening or provide the DHHR with releases so it could monitor her progress with outpatient treatment. The witness asked petitioner several times to execute these releases, but she refused. According to the witness, a service provider was able to secure petitioner placement in a second inpatient substance abuse treatment program in August of 2021, but petitioner refused. The witness also confirmed that petitioner tested positive for methamphetamine and amphetamine while participating in outpatient substance abuse treatment.

During petitioner's testimony, she claimed that her positive screens for methamphetamine and amphetamine were the result of "previous medications" because she did not "currently run the path of recreational use of amphetamines." Petitioner also testified that she would be willing to

enter an inpatient substance abuse treatment program. The court found that this testimony lacked credibility.

Based on the evidence, the court found that petitioner failed to participate adequately in the services the DHHR offered and that she also failed to benefit sufficiently from them. The court also found that petitioner failed to properly participate in random drug screens and tested positive for illicit substances when she did participate. Further, the court found that petitioner failed to cooperate with both residential and outpatient substance abuse treatment. Accordingly, the court found that petitioner failed to correct the problems that led to the prior termination of her parental rights and that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect. The court also found that the child's best interests required termination of petitioner's parental rights because her safety could not be reasonably assured in petitioner's care. As such, the court terminated petitioner's parental rights to the child.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Upon our review, we find that petitioner is entitled to no relief. Importantly, petitioner's entire argument hinges upon her testimony at the dispositional hearing in which she stated that she would submit to long-term inpatient substance abuse treatment. While it is true that a DHHR employee testified that the Department would not recommend termination of petitioner's parental rights if she submitted to this treatment, the record nonetheless shows that the court found that petitioner's testimony lacked credibility. This is a determination that we will not disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Further, it is clear that petitioner's late attempt to avoid termination of her

---

[2]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current foster home.

parental rights by testifying that she would submit to treatment lacked merit, given that the DHHR had previously arranged for petitioner to obtain this treatment, yet petitioner refused. Simply put, petitioner's self-serving testimony is insufficient to entitle her to relief.

Petitioner also argues that it was error to terminate her parental rights because she was not afforded the opportunity to participate in a post-adjudicatory improvement period. However, petitioner has failed to establish that she filed a motion for an improvement period, a necessary prerequisite to obtain the same. Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021) ("A circuit court may not grant a[n] . . . improvement period under W. Va. Code § 49-4-610 . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period."). Indeed, petitioner fails to include any citation to the record to demonstrate that she filed such a motion, in violation of Rule 10(c)(7) of the Rules of Appellate Procedure, which requires that a brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Because petitioner has failed to demonstrate to this Court that she moved, in writing, for an improvement period, she cannot be entitled to relief.

Ultimately, we find no error in the termination of petitioner's parental rights, especially considering that her parental rights to two older children were involuntarily terminated as a result of her substance abuse, a condition that persisted, unabated, across two abuse and neglect proceedings. As we have explained, "the [L]egislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code [§ 49-4-605(a)] is present," and this includes prior involuntary terminations of parental rights. *In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (citation omitted). Further, we have stressed that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the court found, upon ample evidence, that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 9, 2021, order is hereby affirmed.

Affirmed.

4

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment